111 F.3d 139
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Rey Martin SANCHEZ-VALENCIA, Defendant-Appellant.
 No. 96-50372.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 11, 1997.*
Decided April 15, 1997.
 
 1
 Before: O'SCANNLAIN and TASHIMA, Circuit Judges; WHALEY,** District Judge:
 
 
 2
 MEMORANDUM***
 
 
 3
 Rey Martin Sanchez-Valencia appeals his jury conviction and the sentence imposed for transportation of undocumented aliens in violation of 8 U.S.C. § 1324(a)(1)(A)(ii). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 4
 Sanchez-Valencia argues that the district court erred by denying his motion to suppress the evidence seized at his arrest, because the border patrol agents lacked reasonable suspicion to stop and search his vehicle based on unreliable hearsay regarding prior sightings of his vehicle. It is well-established that preliminary questions concerning the admissibility of evidence are matters for the trial court, which is not bound by the Federal Rules of Evidence, except with respect to privileges. United States v. Matlock, 415 U.S. 164, 174 (1974); Fed.R.Evid. 104; see also United States v. Whitten, 706 F.2d 1000, 1019 (9th Cir.1983) ("The trial judge is not bound by the hearsay rule in making preliminary determinations such as whether evidence is admissible at trial."). We therefore conclude that the district court properly considered the radio transmission in determining whether reasonable suspicion existed to stop and search the vehicle.
 
 
 5
 In denying Sanchez-Valencia's motion to suppress evidence, the district court considered the totality of circumstances and correctly found a reasonable suspicion of criminal activity based on the following facts: (i) agents received radio transmission that a brown Suburban had been seen illegally crossing the border; (ii) the events occurred in an area notorious for smuggling aliens into the United States; (iii) agents were positioned on interstate in location where Suburban must pass by before reaching an exit; (iv) agents were positioned so that they could get a very good view of what was inside the Suburban; (v) as Suburban passed agents' location, driver's window was rolled down, and an agent could see two persons in front seat lower themselves in the car so they could no longer be seen; (vi) an agent saw portions of persons lying down in the rear area of Suburban; and (vii) Suburban was riding low as if heavily loaded. We conclude that these factors together provide sufficient, individualized, reasonable suspicion for the agents to stop the vehicle. United States v. Santamaria-Hernandez, 968 F.2d 980, 984 (9th Cir.1992).
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision on the briefs and without oral argument pursuant to Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 The Honorable Robert H. Whaley, United States District Judge for the Eastern District of Washington, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3